IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| JAMAL E. COLLINS,<br><br>    Plaintiff,<br><br>    v.<br><br>THOMAS FERRELL; and ELIZABETH MARTYN,<br><br>    Defendants. | CIVIL ACTION NO.: 5:18-cv-73 |

**ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, currently incarcerated at Ware State Prison in Waycross, Georgia, filed this 42 U.S.C. § 1983 Complaint to contest allegedly deficient medical treatment he received at that facility. Plaintiff also filed a Motion to Amend his Complaint and a Motion for Default Judgment. Docs. 8, 21. The Court now conducts the statutorily required screening of Plaintiff's Complaint. 28 U.S.C. § 1915A. For the following reasons, I find that Plaintiff states non-frivolous deliberate indifference claims against Defendants Ferrell and Martyn and **DIRECT** the United States Marshal to serve a copy of Plaintiff's Complaint and this Order on Defendants. I **RECOMMEND** the Court **DISMISS** Plaintiff's monetary damages claims against Defendants in their official capacities, **DENY** Plaintiff's Motion for a preliminary injunction, and **DENY** Plaintiff *in forma pauperis* status on appeal as to any dismissed claims. I also **DENY** Plaintiff's Motion to Amend, which the Court construes as a motion under Rule 21 of the Federal Rules of Civil Procedure, and **DENY** Plaintiff's Motion for Default Judgement.

**BACKGROUND**

On September 20, 2018, Plaintiff filed a Complaint in this Court, alleging that he received deficient medical care following a surgery on his left leg.  Doc. 1.  Specifically, Plaintiff alleges that, on June 6, 2017, Dr. Mark Winchell performed surgery on Plaintiff's left patella at Georgia State Prison.  Id at 7.  Following the surgery, Dr. Winchell prescribed Plaintiff Tylenol #3 for pain management.  Id.  On June 8, 2017, Plaintiff returned to Ware State Prison, where he was normally housed.  Id.  Approximately one month later, Defendant Ferrell lowered the dosage of Plaintiff's Tylenol prescription, and Plaintiff then experienced pain.  Id. at 7.  When Plaintiff asked Defendant Ferrell to return him to his normal dosage, Defendant refused.  Id.

Defendant Ferrell then sent Plaintiff to Augusta State Medical Prison to receive pain management treatment, and Dr. Martin prescribed Plaintiff a topical cream and continued Plaintiff's prescription of Tylenol #3 before Plaintiff returned to Ware State Prison.  Id. at 9. On July 27, 2017, 17 days after Plaintiff's Tylenol #3 prescription was continued, Defendant Ferrell discontinued Plaintiff's access to that medication.  Id.  Five days later, Plaintiff returned to Georgia State Prison to see Dr. Winchell, who prescribed him Tylenol #3 and naproxen.  Id. When Plaintiff returned to Ware State Prison, Defendant Ferrell ordered only naproxen for Plaintiff and intentionally did not order Tylenol #3.  Id. at 9–10.

On August 7, 2017, Defendant Ferrell called Plaintiff into his office and said he "was tired of hearing about all of this pain nonsense."  Id. at 9.  Defendant Ferrell then confiscated Plaintiff's cane.  Id. at 10.  That same day, Plaintiff filed a grievance regarding the confiscation of his cane.  Id. at 11.  Defendant Ferrell learned of Plaintiff's grievance and then confiscated Plaintiff's wheelchair, after which Plaintiff filed another grievance.  Id.  Because Plaintiff had

no wheelchair or cane, he "felt great pains and noticed that blood was trapped within the incision of his left knee." Id.

Plaintiff continued to experience pain until November 14, 2017, when Defendant Ferrell sent Plaintiff to see Dr. Winchell, who gave Plaintiff an injection for his pain. Id. at 12. Dr. Winchell also continued Plaintiff's prescription of Tylenol #3 and naproxen, and Defendant Ferrell again ordered only naproxen for Plaintiff. Id. Plaintiff then filed another grievance, and on February 13, 2018, received another injection from Dr. Winchell for pain management. Id.

Dr. Winchell subsequently ordered an MRI on Plaintiff's knee, which revealed a tear in the surgical graft. Id. at 13. Plaintiff then had his second knee surgery on July 31, 2018, after which Dr. Winchell ordered that Plaintiff's stitches be removed in 10 days and Plaintiff be given Tylenol #3. Id. On August 8, 2018, six days after Plaintiff returned to Ware State Prison, Defendant Ferrell discontinued Plaintiff's pain medication. Id. One week later, Plaintiff asked Defendant Martyn, a nurse practitioner, to remove Plaintiff's stitches. Id. Defendant Martyn declined to do so, stating that Dr. Winchell liked to remove his own stitches. Id.

Roughly two weeks after his visit with Defendant Martyn, Plaintiff returned to see Dr. Winchell. Id. Dr. Winchell was "outraged" that Plaintiff's stitches had not been removed and had a nurse remove Plaintiff's stitches. Id. at 15. By this point, Plaintiff's stitches were "buried beneath layers of old hard scabs." Id. Dr. Winchell also prescribed Tylenol #3 to Plaintiff, but Plaintiff had not received that medication as of the day that he filed his Complaint. Id.

Plaintiff wishes to assert Eighth Amendment deliberate indifference claims against Defendants Ferrell and Martyn, claiming their actions caused him "pain, suffering, physical injury and emotional distress." Id. at 17. Plaintiff requests declaratory and injunctive relief

3

ordering Dr. Ferrell to provide him his prescribed medication, as well as compensatory and punitive damages.  Id. at 17–18.

Subsequent to filing his Complaint, Plaintiff filed a Motion to Amend Complaint. Doc. 8.  Plaintiff also filed a Motion for Default Judgment.  Doc. 21.

## STANDARD OF REVIEW

Plaintiff brings this action *in forma pauperis*.  Pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity.  Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

The Court looks to the instructions for pleading contained in the Federal Rules of Civil Procedure when reviewing a Complaint on an application to proceed *in forma pauperis*.  See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances).  Further, a claim is frivolous under § 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'"  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010).  Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Twombly, 550 U.S. at 555.  Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys. . . .") (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)).  However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

## DISCUSSION

### I.  Official Capacity Claims

Plaintiff indicates that he is suing both Defendants in their individual and official capacities.  Doc. 1 at 1.  However, in their official capacities, Defendants are immune against Plaintiff's claims for monetary damages.  States are immune from private suits pursuant to the Eleventh Amendment and traditional principles of state sovereignty.  Alden v. Maine, 527 U.S. 706, 712–13 (1999).  Section 1983 does not abrogate the well-established immunities of a state

from suit without its consent.  Will v. Mich. Dep't of State Police, 491 U.S. 58, 67 (1989). Because a lawsuit against a state officer in his official capacity is "no different from a suit against the [s]tate itself," such defendant is immune from suit under § 1983.  Id. at 71.  Here, the State of Georgia would be the real party in interest in a suit against Defendants in their official capacities as state officers, and, accordingly, the Eleventh Amendment makes them immune from suit.  See Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989).  Absent a waiver of that immunity, Plaintiff cannot sustain any constitutional claims for damages against Defendants in their official capacities, and the Court should **DISMISS** Plaintiff's claims against Defendants for monetary damages in their official capacities.

## II.     Individual Capacity Claims

Plaintiff sets forth non-frivolous claims against Defendants in their individual capacities for monetary damages.   Specifically, Plaintiff sets forth non-frivolous claims that Defendants were deliberately indifferent to Plaintiff's medical needs.   "The Eighth Amendment prohibits deliberate indifference to an inmate's health or safety."  Smith v. Owens, 625 F. App'x 924, 927 (11th Cir. 2015) (citing Hope v. Pelzer, 539 U.S. 730, 737–38 (2002)).   However, a plaintiff must plead more than mere negligence to state a claim for an Eighth Amendment violation. Smalls v. Berrios, Case No: 3:06cv95, 2007 WL 1827465, at *5 (N.D. Fla. June 25, 2007).   A plaintiff must instead show: (1) an objective, serious risk of physical harm; (2) a subjective, deliberate indifference by defendant to that risk; and (3) causation.  Id. at *4; Alexander v. Barefield, Case No: 5:06cv22, 2007 WL 1655383, at*3–4 (N.D. Fla. June 7, 2007).   The second, subjective component is met where a defendant disregards a known, clear risk to a prisoner's safety.  Farmer v. Brennan, 511 U.S. 825, 835–37 (1994).

Here, Plaintiff asserts that Defendant Ferrell deprived Plaintiff of his prescribed pain medication, as well as his cane and wheelchair. Doc. 1 at 10–11. Plaintiff further claims that these deprivations resulted in pain and suffering and further injury to his leg. Id. at 11. As to Defendant Martyn, Plaintiff claims that Defendant refused to remove the stitches in his leg. Id. at 14. Plaintiff further claims that Defendant Martyn's failure to remove his stitches resulted in the stitches becoming "buried beneath layers of old hard scabs." Id. at 15. Accordingly, Plaintiff makes non-frivolous allegations that both Defendants were aware of his medical needs, were deliberately indifferent to those needs, and that their action or inaction resulted in harm to him. I **DIRECT** the United States Marshal to serve a copy of Plaintiff's Complaint and this Order on Defendants.

### III.   Preliminary Injunction

Plaintiff also requests preliminary and permanent injunctive relief from Defendants. Id. at 17. Plaintiff may later be entitled to injunctive relief, but he has not met the required showing for a preliminary injunction. First, Plaintiff fails to meet the substantive standard required for a preliminary injunction. This standard is exacting and requires a Plaintiff to prove four elements: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction were not granted; (3) that the threatened injury to the plaintiffs outweighs the harm an injunction may cause the defendant; and (4) that granting the injunction would not disserve the public interest. Nnadi v. Richter, 976 F.2d 682, 690 (11th Cir. 1992).

Although the Court has determined that Plaintiff has stated non-frivolous claims, there is no indication at this point that Plaintiff is substantially likely to ultimately prevail on the merits of these claims. The Court has heard no evidence or argument from Defendants and, therefore, cannot determine at this time that Plaintiff is entitled to the injunctive relief he seeks in this

case—namely, an order compelling Defendants to provide Plaintiff with certain preferred medications. This conclusion is underscored by the fact that Plaintiff's claims are against state officials, who may raise immunity and other defenses. Moreover, by Plaintiff's own allegations, the medical care providers in this case have made differing conclusions about Plaintiff's treatment, and the Court cannot conclude at this stage that Plaintiff's view (or Dr. Winchell's view) as to treatment is the correct one. Additionally, Plaintiff's pleadings do not reflect that he is likely to suffer irreparable injury if he is not granted an injunction; rather, they reflect only that he may continue to experience pain. Paz v. Stone, Case No. CV 313-065, 2014 WL 4776136, at *2 (S.D. Ga. Sept. 15, 2014) (holding that an assertion of mild future pain does not equate to an assertion of irreparable injury for purposes of a preliminary injunction.) Accordingly, I **RECOMMEND** the Court **DENY** Plaintiff's Motion for a preliminary injunction. Doc. 1.

### IV.     Motion to Amend Complaint, Doc. 8

Plaintiff additionally filed a Motion to Amend Complaint. Doc. 8. In that Motion, Plaintiff stated that he was "uncertain about whether Defendant Elizabeth Martyn's harmful action . . . is within the scope of Plaintiff's grievances[.]" Id. at 2. Plaintiff, therefore, requests that Defendant Martyn be removed from the case if her remaining a party to this suit will result in the dismissal of his entire case. The Court is unable to determine whether Plaintiff adequately exhausted his grievances as to Defendant Martyn, as he has not attached his grievance forms. For purposes of Plaintiff's Motion, that is irrelevant, as the potential dismissal of Defendant Martyn will have no effect on Plaintiff's claim against Defendant Ferrell.

Because Plaintiff's Motion is conditional in that Plaintiff asks to amend his Complaint only if Defendant Martyn remaining a party to this case will result in the dismissal of all of his claims, the Court treats Plaintiff's Motion as a Motion under Rule 21 of the Federal Rules of

Civil Procedure rather than as a Motion to Amend.[1]  Rule 21 provides, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party."  Fed. R. Civ. P. 21.  Because Defendant Martyn's status as a Defendant in this case has no bearing on the validity of Plaintiff's claim against Defendant Ferrell, the Court **DENIES** Plaintiff's Motion to Amend, doc. 8, which the Court construes as a Motion under Rule 21.

## V.    Motion for Default Judgment, Doc. 21

Plaintiff also filed a Motion for Default Judgment under Federal Rule of Civil Procedure 55.  That Rule permits entry of a default judgment against a defendant when that defendant fails to plead or defend against a Complaint.  Fed. R. Civ. P. 55.  However, Plaintiff's Motion for Default Judgment is premature, as Defendants have not yet been served with a copy of Plaintiff's Complaint.  Defendants are not required to file an answer until after Plaintiff's Complaint has been served.  Fed. R. Civ. P. 12(a)(1).  Accordingly, Defendants have not yet failed to file an answer or appropriate defenses under the Federal Rules.  I, therefore, **DENY** Plaintiff's Motion for Default Judgment.  Doc. 21.

## VI.   Leave to Appeal *in Forma Pauperis*

Should the Court adopt my recommendation that Plaintiff's monetary damages claims against Defendants in their official capacities be dismissed and that Plaintiff's Motion for a Preliminary Injunction be denied, the Court should also deny Plaintiff leave to appeal *in forma pauperis* as to the dismissed claims.[2]  Though Plaintiff has not yet filed a notice of appeal, it

---

[1]    "Courts generally 'must look beyond the labels of [filings] by *pro se* [inmates] to interpret them under whatever statute would provide relief.'"  Edwards v. Hastings, No. 2:14-CV-41, 2016 WL 686386, at *1 (S.D. Ga. Feb. 18, 2016) (citing Lofton v. Williams, No. CV415-146, 2016 WL 126408, at *2 (S.D. Ga. Jan. 11, 2016) (first alteration in original), and Means v. Alabama, 209 F.3d 1241, 1242 (11th Cir. 2000) (concerning pro se inmates)); Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."); Wilkerson v. Georgia, 618 F. App'x 610, 611–12 (11th Cir. 2015).

[2]    A certificate of appealability is not required in this § 1983 action.

would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal as to any dismissed claims.

## REMAINING CLAIM AND DEFENDANTS

As stated above, Plaintiff states non-frivolous claims against Defendants for deliberate indifference to his medical needs. The Court provides the following instructions to the parties that will apply to the remainder of this action and which the Court urges the parties to read and follow.

## **INSTRUCTIONS TO DEFENDANTS**

Because Plaintiff is proceeding *in forma pauperis*, the undersigned directs that service be effected by the United States Marshal.   Fed. R. Civ. P. 4(c)(3).   In most cases, the marshal will first mail a copy of the complaint to defendants by first-class mail and request that defendants waive formal service of summons.   Fed. R. Civ. P. 4(d); Local R. 4.7.   Individual and corporate defendants have a duty to avoid unnecessary costs of serving the summons, and any such defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver.   Fed. R. Civ. P. 4(d)(2).   Generally, a defendant who timely returns the waiver is not required to answer the complaint until 60 days after the date that the marshal sent the request for waiver.   Fed. R. Civ. P. 4(d)(3).

**IT IS FURTHER ORDERED** that Defendants are hereby granted leave of court to take the deposition of Plaintiff upon oral examination.   Fed. R. Civ. P. 30(a)(2).   Defendants are further advised that the Court's standard 140-day discovery period will commence upon the filing of the last answer.   Local R. 26.1.   Defendants shall ensure that all discovery, including Plaintiff's deposition and any other depositions in the case, is completed <u>within that discovery period</u>.

In the event that Defendants takes the deposition of any other person, Defendants are ordered to comply with the requirements of Federal Rule of Civil Procedure 30.   As Plaintiff will likely not be in attendance for such a deposition, Defendants shall notify Plaintiff of the deposition and advise him that he may serve on Defendants, in a sealed envelope, within 10 days of the notice of deposition, written questions Plaintiff wishes to propound to the witness, if any.   Defendants shall present such questions to the witness seriatim during the deposition.   Fed. R. Civ. P. 30(c).

## INSTRUCTIONS TO PLAINTIFF

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon their attorney, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to Defendants or their counsel. Fed. R. Civ. P. 5. "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number." Fed. R. Civ. P. 10(a).

<u>Plaintiff is charged with the responsibility of **immediately** informing this Court and defense counsel of any change of address during the pendency of this action. Local R. 11.1. Plaintiff's failure to notify the Court of a change in his address may result in dismissal of this case.</u>

Plaintiff has the responsibility for pursuing this case. For example, if Plaintiff wishes to obtain facts and information about the case from Defendants, Plaintiff must initiate discovery. See generally Fed. R. Civ. P. 26 *et seq*. The discovery period in this case will expire 140 days after the filing of the last answer. Local R. 26.1. Plaintiff does not need the permission of the Court to begin discovery, and Plaintiff should begin discovery promptly and complete it within this time period. Id. Discovery materials should **not** be filed routinely with the Clerk of Court; exceptions include: when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. Local R. 26.4.

Interrogatories are a practical method of discovery for incarcerated persons. See Fed. R. Civ. P. 33. Interrogatories may be served only on a <u>party</u> to the litigation, and, for the purposes

of the instant case, this means that interrogatories should not be directed to persons or organizations who are not <u>named</u> as a defendant.   Interrogatories are not to contain more than 25 questions.   Fed. R. Civ. P. 33(a).   If Plaintiff wishes to propound more than 25 interrogatories to a party, Plaintiff must have permission of the Court.   If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact the attorney for Defendants and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery.   Fed. R. Civ. P. 26(c), 37(a)(2)(A); Local R. 26.7.

Plaintiff has the responsibility for maintaining his own records of the case.   If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty cents ($.50) per page.   **If Plaintiff seeks copies, he should request them directly from the Clerk of Court and is advised that the Court will authorize and require the collection of fees from his prison trust fund account to pay the cost of the copies at the aforementioned rate of fifty cents ($.50) per page.**

If Plaintiff does not press his case forward, the court may dismiss it for want of prosecution.   Fed. R. Civ. P. 41; Local R. 41.1.

It is Plaintiff's duty to cooperate fully in any discovery which Defendants may initiate.   Upon no less than five days' notice of the scheduled deposition date, Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action.   Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, <u>including dismissal of this case</u>.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order. A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is <u>required</u> to prepare and file his own version of the Proposed Pretrial Order.   A plaintiff who is incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the Court.

### **ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT**

Defendants may choose to ask the Court to dismiss this action by filing a motion to dismiss, a motion for summary judgment, or both.   Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within 14 days of its service.   "Failure to respond shall indicate that there is no opposition to a motion."   Local R. 7.5.   Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that he does not oppose Defendants' motion.   Plaintiff's case may be dismissed for lack of prosecution if Plaintiff fails to respond to a motion to dismiss.

Plaintiff's response to a motion for summary judgment must be filed within 21 days after service of the motion.   Local R. 7.5, 56.1.   The failure to respond to such a motion shall indicate that there is no opposition to the motion.   Furthermore, each material fact set forth in Defendants' statement of material facts will be deemed admitted unless specifically controverted by an opposition statement.   Should Defendants file a motion for summary judgment, Plaintiff is advised that he will have the burden of establishing the existence of a genuine dispute as to any material fact in this case.   That burden cannot be carried by reliance on the conclusory allegations contained within the complaint.   Should Defendants' motion for summary judgment be supported by affidavit, Plaintiff must file counter-affidavits if he desires to contest

14

Defendants' statement of the facts.  Should Plaintiff fail to file opposing affidavits setting forth specific facts showing that there is a genuine dispute for trial, any factual assertions made in Defendants' affidavits will be accepted as true and summary judgment may be entered against Plaintiff pursuant to Federal Rule of Civil Procedure 56.

## CONCLUSION

For the foregoing reasons, I find that Plaintiff states non-frivolous deliberate indifference claims against Defendants Ferrell and Martyn and **DIRECT** the United States Marshal to serve a copy of Plaintiff's Complaint and this Order on Defendants.  I **RECOMMEND** the Court **DISMISS** Plaintiff's monetary damages claims against Defendants in their official capacities, **DENY** Plaintiff's Motion for a preliminary injunction, and **DENY** Plaintiff *in forma pauperis* status on appeal as to any dismissed claims.  I also **DENY** Plaintiff's Motion to Amend, which the Court construes as a motion under Rule 21 of the Federal Rules of Civil Procedure, and **DENY** Plaintiff's Motion for Default Judgement.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered.  Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.  The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed

findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 24th day of July, 2019.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA