IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

FILED
Scott L. Poff, Clerk
United States District Court

*By staylor at 4:14 pm, Feb 07, 2020*

| | |
|---|---|
| JAMAL E. COLLINS,<br><br>        Plaintiff,<br><br>     v.<br><br>THOMAS FERRELL; and ELIZABETH MARTYN,<br><br>        Defendants. | CIVIL ACTION NO.: 5:18-cv-73 |

**ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant Martyn's Motion to Dismiss. Doc. 41. Plaintiff filed Responses to Defendant's Motion. Docs. 46, 48. For the reasons which follow, I **RECOMMEND** the Court **GRANT as unopposed** Defendant Martyn's Motion and **DISMISS without prejudice** Plaintiff's claims against Defendant Martyn.

**DISCUSSION**

Plaintiff filed his 42 U.S.C. § 1983 Complaint, alleging Defendants denied him adequate medical care and treatment at Ware State Prison in Waycross, Georgia. Doc. 1. The Court directed service of Plaintiff's Complaint on Defendants based on these alleged Eighth Amendment violations. Doc. 24. Defendant Martyn filed a Motion to Dismiss and asserts Plaintiff did not exhaust his available administrative remedies prior to filing suit against her. Doc. 41. In his Response, Plaintiff states he agrees with Defendant Martyn and does not oppose her Motion. Doc. 46 at 1; Doc. 48 at 2.

Where Congress explicitly mandates, prisoners seeking relief for alleged constitutional violations must first exhaust inmate grievance procedures before filing suit in federal court. <u>See</u>

Porter v. Nussle, 534 U.S. 516, 524 (2002).  Section 1997e(a) of Title 42 of the United States Code states, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law . . . until such administrative remedies as are available are exhausted."  In Turner v. Burnside, 541 F.3d 1079 (11th Cir. 2008), the Eleventh Circuit Court of Appeals set forth a "two-step process" that lower courts must employ when examining the issue of exhaustion of administrative remedies.  First, the court is to take the plaintiff's version of the facts regarding exhaustion as true.  Id. at 1082.  If, even under the plaintiff's version of the facts, the plaintiff has not exhausted, the complaint must be dismissed.  Id.

Plaintiff states he agrees with Defendant Martyn that he did not exhaust his administrative remedies relating to his claims against Defendant Martyn.  Thus, under Turner's first step, Plaintiff clearly did not exhaust his administrative remedies, and his claims against Defendant Martyn should be dismissed as a result.

## CONCLUSION

For the above-stated reasons, I **RECOMMEND** the Court **GRANT as unopposed** Defendant Martyn's Motion to Dismiss and **DISMISS without prejudice** Plaintiff's claims against Defendant Martyn.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered.  Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.  It is not necessary for a party to repeat legal

arguments in objections. The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; see Symonette v. V.A. Leasing Corp., 648 F. App'x 787, 790 (11th Cir. 2016); Mitchell v. United States, 612 F. App'x 542, 545 (11th Cir. 2015).

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the parties.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 7th day of February, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA