IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION



JAMAL E. COLLINS,

      Plaintiff,

  v.

THOMAS FERRELL,

      Defendant.

CIVIL ACTION NO.: 5:18-cv-73

**O R D E R**

This matter is before the Court on Plaintiff's Motions to Compel, docs. 55, 56, to which Defendant has filed a Response in Opposition, doc. 58. For the reasons which follow, the Court **DENIES as moot** Plaintiff's first Motion to Compel, doc. 55, and **DENIES** Plaintiff's second Motion to Compel, doc. 56.

Plaintiff filed his Complaint on September 20, 2018. Doc. 1. After conducting the requisite frivolity review, the Court allowed Plaintiff's deliberate indifference to serious medical needs claims to proceed against Defendant Ferrell and Elizabeth Martyn. Docs. 24, 26. In November 2019, Ms. Martyn, who was at the time a named Defendant, filed a motion to dismiss. Doc. 41. The Court stayed discovery while the motion to dismiss was pending. Doc. 47. Defendant asserts that while discovery was stayed, Plaintiff served Defendant's counsel with interrogatories. Doc. 58 at 1. Those interrogatories, doc. 58-1, are the only discovery requests Defendant has received from Plaintiff. Doc. 58 at 1. Defendant's counsel informed Plaintiff by letter that discovery was stayed and Defendant need not respond. Id. at 2. On March 13, 2020,

the Court granted Martyn's motion to dismiss, which lifted the stay on discovery.  Doc. 51.  On April 13, 2020, Plaintiff filed the instant Motions to Compel.  Docs. 55, 56.  The next day, Defendant Ferrell served his responses to Plaintiff's interrogatories by mail.  Doc. 58-4 at 10.

In his first Motion to Compel, Plaintiff requests that the Court compel Defendant Ferrell to fully answer the interrogatories Plaintiff served on him in December 2019 during the stay of discovery.  Doc. 55.  Because Defendant Ferrell supplied his responses to Plaintiff's interrogatories, the Court **DENIES as moot** Plaintiff's first Motion to Compel.

In his second Motion to Compel, Plaintiff requests that the Court compel Defendant Ferrell to produce Plaintiff's medical chart, all evidence Defendant intends to use at trial, and all complaints lodged against Defendant Ferrell.  Doc. 56.  Defendant asserts he has only been served the interrogatories from Plaintiff and that he has not received any other discovery requests.  Doc. 58 at 1.  Plaintiff does not dispute this, and there is no indication in his Motion to Compel that he served any requests for production of documents on Defendant.  Doc. 56.  Federal Rule of Civil Procedure 37 requires that a motion to compel "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  Furthermore, this Court's Local Rule 26.5 also requires that "a party seeking a protective order or moving to compel discovery certify that a good faith effort has been made to resolve the dispute before coming to the court."  These rules apply equally to all litigants, whether proceeding pro se or represented by counsel.  See McNeil v. United States, 508 U.S. 106, 113 (1993).  Because it does not appear Plaintiff first served his requests for production of documents on Defendant, and because Plaintiff has failed to certify he conferred in good faith with the Defendant to obtain the

discovery specified in his second Motion to Compel, doc. 56, the Court **DENIES** this Motion.

**SO ORDERED**, this 21st day of May, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA