FILED
John E. Triplett, Acting Clerk
United States District Court

*By CAsbell at 3:36 pm, Jul 13, 2020*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

JAMAL E. COLLINS,

    Plaintiff,

v.

THOMAS FERRELL, M.D.,

    Defendant.

CIVIL ACTION NO.: 5:18-cv-73

## O R D E R

This matter is before the Court on Plaintiff's Motion to Compel, doc. 65, and Defendant's Motion for Extension of Time to Complete Discovery, doc. 66. For the following reasons, the Court **DENIES** Plaintiff's Motion to Compel and **GRANTS** Defendant's Motion for an Extension.

**I.**    **Plaintiff's Motion to Compel**

For the second time, Plaintiff moves the Court for an order compelling Defendant to produce several different items of discovery. Doc. 65. Plaintiff avers he submitted a written request for the documents, in accordance with Federal Rule of Civil Procedure 34, on April 23 and May 27, 2020. Id. at 7. However, Plaintiff does not certify in his Motion he made a good faith effort to resolve any discovery dispute with Defendant before seeking this Court's assistance. In his Response in Opposition to Plaintiff's Motion to Compel, Defendant asserts Plaintiff's Motion is premature and does not comply with Rule 37. Doc. 68. Defendant agrees Plaintiff served his first request for production of documents on April 23, 2020, and claims he

timely served his responses and objections.[1]  Id. at 2.  Defendant states Plaintiff served a second request for production of documents on May 25, 2020, and a third and fourth request for production of documents on May 27, 2020.  Id.

For the same reason the Court denied Plaintiff's first motion to compel, doc. 59, the Court denies the instant Motion.  Federal Rule of Civil Procedure 37 requires that a motion to compel "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  This Court's Local Rule 26.5 also requires that "a party seeking a protective order or moving to compel discovery certify that a good faith effort has been made to resolve the dispute before coming to the court."  The Court informed Plaintiff of these requirements in its July 24, 2019 Order and Report and Recommendation.  Doc. 24 at 13.  These rules apply equally to all litigants, whether proceeding pro se or represented by counsel.  See McNeil v. United States, 508 U.S. 106, 113 (1993).  Plaintiff must first confer with Defendant regarding discovery disputes and must attach a certification that he and Defendant conferred before moving for a Court order compelling production of discovery.

Furthermore, Defendant served a timely response to Plaintiff's first request for production, but Defendant's responses to Plaintiff's second, third, and fourth requests for production were not due when Plaintiff filed the instant Motion to Compel.  Plaintiff served his requests for production on May 25 and May 27, 2020.  Docs. 68-3, 68-4, 68-5.  Under Federal Rule of Civil Procedure 34(b)(2)(A), Defendant must serve his responses within 30 days after they were served.  Plaintiff filed his Motion to Compel on June 15, 2020, only 21 days after the

---

[1] Of the discovery sought in Plaintiff's Motion to Compel, the first four items were addressed in Plaintiff's first request for production and Defendant's first response.  Docs. 68-1, 68-2.  The remaining items in the Motion to Compel were originally asked for in Plaintiff's second, third, and fourth requests for production.  Doc. 68 at 4.

May 25, 2020 request for production.  Doc. 65.  Therefore, Plaintiff's Motion to Compel was filed prematurely, before Defendant was even obliged to respond to Plaintiff's requests for production, and is due to be denied.  Haynes v. JPMorgan Chase Bank, N.A., 466 F. App'x 763, 765-66 (11th Cir. 2012) (upholding district court's denial of pro se plaintiff's motion to compel discovery as premature).  For these reasons, the Court **DENIES** Plaintiff's Motion to Compel.

## II.     Defendant's Motion for an Extension of Time to Complete Discovery

Defendant moves for a 90-day extension of the discovery period and all other deadlines in the case.  Doc. 66.  Due to complications caused by the ongoing COVID-19 pandemic and resulting response, the parties will be unavailable for depositions until mid-August.  Id. at 2–3.  Plaintiff filed a Response in opposition, arguing there has already had one 90-day extension and Defendant could depose Plaintiff over video.[2]  Doc. 69.  Notably, Plaintiff does not claim he would be prejudiced by an extension, merely that he wants the case to proceed.  The Court is sympathetic to Plaintiff's objections but finds good cause to **GRANT** Defendant's request for one additional, limited extension and sets out the following new deadlines:

| | |
|---|---|
| CLOSE OF DISCOVERY | October 5, 2020 |
| POST-DISCOVERY STATUS REPORT DUE | October 8, 2020 |
| LAST DAY FOR FILING ALL CIVIL MOTIONS, INCLUDING *DAUBERT* MOTIONS, BUT EXCLUDING MOTIONS IN LIMINE | November 4, 2020 |
| PRE-TRIAL ORDER DUE | December 7, 2020 |

---

[2]     Defendant, in his Motion, claims the Georgia Deparment of Corrections has limited video capabilities for hearings and depositions and is giving preference to court hearings, which could make it difficult to depose Plaintiff within a short time frame.  Doc. 66 at 3.  Nothing in this Order prevents the parties from conducting Plaintiff's deposition by video.

All other deadlines and instructions in the Court's March 24, 2020 Scheduling Notice remain in full force and effect.  Doc. 53.

**SO ORDERED**, this 13th day of July, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA