# In the United States District Court
# For the Southern District of Georgia
# Waycross Division

| | | |
|---|---|---|
| JAMAL E. COLLINS, | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION NO.: 5:18-cv-73 |
| | * | |
| v. | * | |
| | * | |
| THOMAS FERRELL, | * | |
| | * | |
| Defendant. | * | |

### ORDER

Before the Court are Plaintiff's Objections to the Magistrate Judge's Report and Recommendation dated September 23, 2021. Dkt. No. 117. In the Report, the Magistrate Judge recommended the Court grant Defendant Thomas Ferrell's Motion for Summary Judgment. Dkt. No. 111 at 1. Plaintiff objects to the Magistrate Judge's recommendation. For the reasons set forth below, the Court **CONCURS** with the Magistrate Judge's Report and Recommendation, **ADOPTS** the Report and Recommendation as the opinion of the Court, and **OVERRULES** Plaintiff's Objections. The Court **GRANTS** Defendant's Motion for Summary Judgment, **DIRECTS** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment, and **DENIES** Plaintiff leave to proceed *in forma pauperis* on appeal. Additionally, the Court

AO 72A
(Rev. 8/82)

**DENIES as moot** Plaintiff's Motion to Set Trial Date. Dkt. No. 118.

## BACKGROUND

Plaintiff, proceeding pro se, brought this 42 U.S.C. § 1983 action relating his medical treatment, or lack thereof, from Defendant Ferrell while incarcerated at Ware State Prison ("WSP").[1] Dkt. No. 24. Plaintiff's only pending claim is an Eighth Amendment deliberate indifference to a serious medical need claim against Defendant Ferrell. Plaintiff alleges Defendant Ferrell interfered with and failed to treat his knee injury while at WSP. Id.

Defendant Ferrell filed a Motion for Summary Judgment, dkt. no. 86, which the Magistrate Judge recommended be granted, dkt. no. 111. The Magistrate Judge concluded, based on the undisputed material facts, Defendant did not violate Plaintiff's constitutional rights. Id. Plaintiff has filed Objections to the Magistrate Judge's Report, which the Court now addresses. Dkt. No. 117.

## DISCUSSION

Plaintiff's Objections to the Magistrate Judge's Report span 30 pages, in which he argues multiple issues of material

---

[1] At the relevant time, Defendant Ferrell was the medical director at WSP. Dkt. No. 86-3 at 3.

2

fact exist to preclude granting Defendant Ferrell summary judgment. However, the "disputed facts" Plaintiff points to, at most, demonstrate a difference in medical opinion between Defendant Ferrell and Dr. Winchell, Plaintiff's orthopedic surgeon, on how to treat Plaintiff's knee injury. As the Magistrate Judge correctly explained, this does not amount to deliberate indifference. Dkt. No. 111 at 15, 21.

At the outset, the Court addresses Plaintiff's contention Defendant Ferrell was not responsible for treating Plaintiff and, thus, unable to exercise his own medical judgment and Dr. Winchell was solely responsible for Plaintiff's medical care as it relates to his knee. Dkt. No. 117 at 16-19, 24-26. However, Plaintiff has provided no evidence showing Defendant Ferrell was no longer responsible for Plaintiff's care or divested from exercising his medical judgment as it relates to Plaintiff.

Instead, the undisputed material facts show both Dr. Winchell and Defendant Ferrell were responsible for treating Plaintiff. Dkt. Nos. 86-3 at 3, 95-4 at 7. Indeed, all inmates at WSP undergoing medical treatment were under Defendant Ferrell's care as the medical director at that facility. Dkt. No. 86-3 at 3.[2]

---

[2] Plaintiff argues no evidence supports Defendant Ferrell's contention he was responsible for the medical care of all inmates at WSP. Dkt. No. 116 at 19. However, Defendant Ferrell provided a declaration under penalty of perjury attesting to this fact, which is evidence.

3

Thus, when Defendant Ferrell departed from Dr. Winchell's treatment plan by confiscating Plaintiff's cane or changing his medication regimen, this does not amount to deliberate indifference or otherwise defeat summary judgment. See, e.g., Dkt. No. 116 at 23 (arguing summary judgment should not be granted because Defendant was not allowed to change Plaintiff's prescription for Tylenol #3 from Dr. Winchell's recommendation). Plaintiff's misunderstanding about Defendant Ferrell's continued role in Plaintiff's care and Defendant's ability to exercise his own medical judgment is why Plaintiff's Objections fail and, correspondingly, why Defendant is entitled to summary judgment.

For example, Plaintiff argues Exhibit 27 creates a genuine dispute of material fact because Dr. Winchell recommended Percocet for Plaintiff's post-operative pain, but Defendant Ferrell did not treat Plaintiff with Percocet. Id. at 5, 20 (citing Dkt. No. 95-4 at 32). Even assuming Defendant Ferrell was aware of this recommendation, the undisputed material facts show Defendant Ferrell treated Plaintiff's post-operative pain with Tylenol #3 and naproxen.[3] Dkt. No. 86-3 at 3; see Bismark v. Fisher, 213 F. App'x 892, 897 (11th Cir. 2007) (finding a doctor's failure to adopt plan of care prescribed by outside

---

[3] Plaintiff points to no evidence showing Defendant Ferrell was ever aware of Dr. Winchell's prescribing of Percocet, as it was not included in the post-operative instructions Defendant received. See Dkt. No. 86-3 at 3, 17. Even if there was such evidence, it would not change the outcome.

4

physician after exercising independent professional judgment did not support deliberate indifference claim). Thus, Plaintiff's Objection merely demonstrates a difference in medical opinion, which is insufficient to survive summary judgment. Shaw v. Allen, 701 F. App'x 891, 893 (11th Cir. 2017) (holding "mere medical malpractice or a difference in medical opinion does not constitute deliberate indifference").

Similarly, Plaintiff's disagreement with the Magistrate Judge's conclusion about when he started physical therapy is erroneous and immaterial. Plaintiff argues because he did not start physical therapy on July 5, 2017, as Defendant contends, summary judgment should be denied. Dkt. No. 117 at 11. First, Plaintiff did not successfully point to an issue of material fact about whether he began physical therapy on July 5, 2017. Plaintiff points to evidence showing WSP's Utilization Management Office approved Plaintiff for physical therapy on November 8, 2017. Id. at 11-13 (citing Dkt. No. 95-4 at 53). However, Plaintiff's evidence merely shows some administrative action occurred on November 8, 2017, regarding his physical therapy and does not actually refute Defendant's evidence showing physical therapy began in July 2017. See Dkt. No. 86-2

at 4 (citing Dkt. No. 86-3 at 28; Dkt. No. 86-5 at 89).[4] Even assuming Plaintiff did not begin physical therapy until on or after November 8, 2017, this still would not amount to deliberate indifference considering the treatment Defendant provided, including prescribing medicine, repeated consultations, ordering an MRI, and other treatment such as the rest, ice, compression, and elevation method of treatment, as described in the Report. See Dkt. No. 111 at 10-12, 17-20.

In sum, Plaintiff's Objections to the Magistrate Judge's Report are either incorrect, unsupported by the record, or immaterial to the issue of summary judgment and, thus, are **OVERRULED**.

## CONCLUSION

After an independent and de novo review of the entire record, the Court **CONCURS** with the Magistrate Judge's Report and Recommendation, **ADOPTS** the Report and Recommendation as the opinion of the Court, and **OVERRULES** Plaintiff's Objections. The Court **GRANTS** Defendant's Motion for Summary Judgment, **DIRECTS** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment, and **DENIES** Plaintiff leave to proceed *in forma*

---

[4] Plaintiff's evidence shows he received a physical therapy consult as early as August 7, 2017, well before November 8, 2017. See Dkt. No. 95-4 at 54.

6

*pauperis* on appeal. Additionally, the Court **DENIES as moot** Plaintiff's Motion to Set Trial Date. Dkt. No. 118.

**SO ORDERED**, this __27__ day of __October__, 2021.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA